IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DESHAWN JACKSON                                                        PETITIONER

VS.                                           CIVIL ACTION NO. 3:09cv435-DPJ-JCS

WARDEN DANNY SCOTT and
ATTORNEY GENERAL OF MISSISSIPPI                        RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by DeShawn Jackson and Respondents' motion to dismiss the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Petitioner was convicted of capitol murder in the Circuit Court of Scott County, Mississippi and sentenced to a term of life imprisonment. The Mississippi Court of Appeals affirmed Jackson's conviction and sentence on September 7, 2002. His petition for rehearing was denied on December 10, 2002. He declined to file a petition for a writ of certiorari as provided by Rule 17 of the Mississippi Rules of Appellate Procedure. By failing to seek this final step of discretionary review, Jackson "stopped the appeal process" and was unable to pursue review in the United States Supreme Court. *See* Sup. Ct. R. 10(b) & 13 (requiring that petition for writ of certiorari be filed within ninety days of judgment of state court of last resort). He filed his section 2254 petition with this court on

or after July 22, 2009.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Jackson ended his appeal process by failing to seek review of the court of appeals' decision, his conviction became final when his time for

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000). Thus, Jackson's petition was "filed" sometime between the date it was signed, July 22, 2009, and the date it was received and filed by the district court, July 24, 2009.

2

seeking review expired.  28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  Under Miss. R. App. P. 17(b), Petitioner had fourteen days after the denial of his petition for rehearing by the court of appeals in which to seek further review by the Mississippi Supreme Court.  Thus, his conviction became final on December 24, 2002 (fourteen days after December 10, 2002), and his one-year limitations period began to run on that day.  He had one year from that date, or until December 24, 2003, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Jackson did not file in the state court for post-conviction relief at any time on or before December 24, 2003.  Therefore, his one-year period expired on that day, and his habeas petition, filed on or after July 22, 2009, is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of November, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE