UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DESHAWN JACKSON                                                     PETITIONER

V.                                        CIVIL ACTION NO. 3:09CV435 DPJ-JCS

WARDEN DANNY SCOTT AND
ATTORNEY GENERAL OF MISSISSIPPI                          RESPONDENTS

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge James C. Sumner. Respondents filed a motion to dismiss Jackson's petition for writ of habeas corpus with prejudice as untimely, and Jackson failed to respond. Judge Sumner recommended granting Respondents' motion and dismissing Jackson's petition. Jackson did not object to Judge Sumner's Report and Recommendation, and the time to do so has now passed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Judge Sumner found that Jackson's conviction became final no later than December 24, 2002. Jackson did not file a motion for post-conviction relief in state court prior to the expiration of his time to file a federal habeas petition on December 24, 2003. Jackson's petition, filed on or about July 22, 2009, is untimely.

The Court, having fully reviewed the unopposed Report and Recommendation of the United States Magistrate Judge entered in this cause, and being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge James C. Sumner be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE